IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

## DARROW LYNN WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 3739      Joseph H. Walker, Judge**

_____

**No. W2002-03150-CCA-R3-PC  - Filed December 9, 2003**

_____

The petitioner, Darrow Lynn Williams, seeks post-conviction relief from his 2001 second degree murder conviction. The Tipton County Circuit Court denied post-conviction relief, and now on appeal, the petitioner claims that his trial counsel was ineffective in failing to prepare and devise a trial strategy. Because the record supports the lower court's decision, we affirm the dismissal of the post-conviction petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the Appellant, Darrow Lynn Williams.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Walt Freeland, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner's conviction was affirmed by this court on November 29, 2001. _See State v. Darrow Lynn Williams_, No. W2001-01825-CCA-R3-CD (Tenn. Crim. App., Jackson, Nov. 29, 2001), _perm. app. denied_ (Tenn. 2002). The jury's second degree murder verdict resulted from the defendant's 1999 shooting of his brother-in-law during a party at the victim's house. _Id._, slip op. at 2. Following the verdict, the trial court sentenced the petitioner to serve fifteen years in the Department of Correction.

After the petitioner timely filed for post-conviction relief, the post-conviction court appointed counsel and conducted an evidentiary hearing on November 22, 2002. With respect to the issues on this appeal, the petitioner testified at the hearing as follows. He met with counsel only

once prior to trial, and the 30-to-60-minute meeting occurred a day or two before trial. The petitioner testified that counsel informed him that self-defense was not a viable defense theory and that voluntary intoxication was the most promising defense. The petitioner testified that counsel failed to challenge the testimony of trial witnesses, including the medical examiner, as to whether the victim was shot first in the face and then in the chest or *vice versa* and that counsel failed to object to other testimony that the petitioner thought was objectionable. On cross-examination, the petitioner gave a rambling account of how his shooting of the victim was accidental.

Trial counsel testified at the evidentiary hearing that he had been engaged in the practice of criminal law since 1983. He had taken the petitioner's case over from the public defender and had spent a "good bit of time" discussing the case with his predecessor counsel. Counsel said that he anticipated the evidence that was presented in the case, and there were no significant surprises. Counsel recalled that the state mounted a strong case. Because the shooting occurred during a family gathering, there were several eyewitnesses to the shooting. They generally testified at trial that the petitioner pulled the trigger intentionally. There was no issue of identity of the shooter. Counsel testified that much was accomplished in the initial stages of the case; counsel was able to persuade the police and the prosecutor not to bring a first degree murder charge. Counsel testified that he decided not to employ a voluntary intoxication defense because he did not believe it would have militated against a knowing *mens rea*, especially in the face of eyewitness testimony that the petitioner volitionally pulled the trigger twice.

On cross-examination, counsel testified that the public defender, who served as the petitioner's initial counsel, made extensive notes which were available to trial counsel. Counsel characterized the defense theory as "try[ing] to minimize the proof and obtain the most minimal sentencing factor we could." Counsel explained that the defense was somewhat hidebound; the petitioner had admitted to counsel that he had shot the victim, and there were five to eight eyewitnesses to the shooting. The state did not utilize all its available witnesses in its case-in-chief but reserved some witnesses for possible rebuttal testimony. Counsel knew, and explained to the petitioner, that only the petitioner, by testifying, could insert the claim of accidental shooting. Counsel testified that the petitioner opted not to testify. Counsel explained that counsel wanted to try the case rather than plead guilty to second degree murder because of the possibility that the prosecution might falter or that the jury might return a verdict of a lesser offense. Counsel discounted the petitioner's claim that the order in which the shots were fired was a critical issue in the case.

The post-conviction court found that the petitioner had "failed to show inadequate trial preparation or bad trial tactics [or to show that any] deficient performance was prejudicial." The court dismissed the post-conviction relief petition, and the petitioner timely appealed.

Although a number of claims of ineffective assistance of counsel and trial error were raised in the petition and alluded to in the evidentiary hearing, the petitioner on appeal only raises the issue of counsel's ineffectiveness in failing to prepare and devise a strategy for trial. Essentially, the petitioner posits that trial counsel was so relieved that the charge had been reduced from first

degree to second degree murder that he basically abdicated his duty to defend the petitioner against the lesser charge.

The Tennessee Post-Conviction Procedure Act authorizes the filing of a single petition, *see* Tenn. Code Ann. § 40-30-102(c) (2003), to seek relief from a conviction or sentence that is void or voidable because of the abridgement of any state or federal constitutional right, *id.* § 40-30-103 (2003). The post-conviction petitioner bears the burden of proving the allegations of fact by clear and convincing evidence. *Id.* § 40-30-110(f) (2003). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates against them, and the appellate court will neither re-weigh the evidence nor evaluate the credibility of witnesses. An appellate court's review of a question of law or a mixed question of law and fact, such as an ineffective assistance of counsel claim, however, is reviewed *de novo* with no presumption of correctness. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002)

To establish an abridgement of the right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution, the claimant must show *both* that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067 (1984)*; Nichols*, 90 S.W.3d at 586. Deficient performance of counsel equates to "acts or omissions [that] were so serious that they fell below an objective standard of reasonableness under prevailing professional norms." *Nichols*, 90 S.W.3d at 587. The court reviewing counsel's performance not only views the claimed deficiency from counsel's perspective at the time of the alleged acts or omissions, but it also indulges "a heavy measure of deference to counsel's judgments." *Id.*; *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). To establish that deficient performance resulted in prejudice, the claimant is required to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The claimant "must establish that the deficiency of counsel was of such a degree that it deprived the defendant of a fair trial and called into question the reliability of the outcome." *Nichols*, 90 S.W.3d at 587.

Having reviewed the facts and the applicable principles of law, we must agree with the trial court that the petitioner failed to establish either deficient performance of counsel or that he was in any way prejudiced by counsel's assistance. The state had a very strong case, and the state's election to charge the petitioner with second degree and not first degree murder effectively diminished the efficacy of a meaningful state-of-mind defense. Because there was no issue of identity, the defense was relegated to going to trial with nothing to lose and hoping for the best. Counsel performed well under the circumstances, and we cannot fault his actions and tactics in pursuing a trial in the hopes of jury dispensations. The evidence presented at the evidentiary hearing demonstrated no deficiency of performance and no prejudice.

Accordingly, the denial of post-conviction relief is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE